IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2011

**STATE OF TENNESSEE v. DANE SHANNON BRIEST**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-I-729     J. Randall Wyatt, Jr., Judge**

**No. M2010-00691-CCA-R3-CD - Filed June 8, 2011**

The appellant, Dane Shannon Briest, pled guilty in the Davidson County Criminal Court to theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony, and evading arrest, a Class A misdemeanor.  He received concurrent sentences of six years, one month for the felony conviction and eleven months, twenty-nine days for the misdemeanor conviction to be served on probation.  On appeal, the appellant contends that the trial court erred by revoking his probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Lee Sprouse, Nashville, Tennessee, for the appellant, Dane Shannon Briest.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III; District Attorney General; and Allen Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that in July 2007, the appellant pled guilty to theft of property valued one thousand dollars or more but less than ten thousand dollars and evading arrest and received an effective sentence of six years, one month as a Range II, multiple offender, to be served on probation.  The appellant was to serve the effective sentence consecutively to a prior sentence.  On October 30, 2009, the trial court issued a probation violation warrant

on the basis that the appellant had violated his probation by (1) being charged with initiation and processing of methamphetamine, evading arrest, and possession of a Schedule II drug and (2) using intoxicants or possessing narcotic drugs.

At the February 18, 2010 probation revocation hearing, Mark Delaney, a special agent with the Tennessee Bureau of Investigation, testified that he was assigned to the Tennessee Drug Investigation Division and had been directly involved with investigating two hundred methamphetamine laboratories during his career. On October 14, 2009, Agent Delaney went with other detectives and investigators from the Warren County Sheriff's Department to a home on Cascade Avenue in McMinnville to serve an arrest warrant on a resident. Agent Delaney said they arrested the subject of the warrant and noticed an "overwhelming odor consistent with the manufacturing of methamphetamine." They ordered everyone in the residence, including the appellant, outside in order to secure the scene and apply for a search warrant. Agent Delaney said the appellant "was placed against a detective's car and subsequently left running away on foot." Officers chased the appellant for about ten minutes and apprehended him less than one mile away from the home. Agent Delaney said the appellant claimed that he always ran when he was approached by law enforcement and that "[i]t was his nature." The officers found a bottle containing 7.5 and 10 milligram hydrocodone pills. The appellant told the officers that he had a prescription for one strength of pills but not the other. The appellant also told the officers that some of the people in the house were going to "break down matches." Agent Delaney explained that "breaking down matches" referred to the process of extracting red phosphorus from matchbox striker plates and that red phosphorus was a "precursor ingredient" to making methamphetamine.

On cross-examination, Agent Delaney testified that methamphetamine was a stimulant that caused people to have erratic behavior. He acknowledged that hydrocodone was an addictive narcotic.

According to the court minutes for February 18, 2010, and included in the appellate record,

> THEREUPON, THIS CAUSE CAME TO BE HEARD BY THE COURT UPON A WARRANT CHARGING THE DEFENDANT WITH VIOLATION OF HIS PROBATION; UPON THE EVIDENCE INTRODUCED AND DUE CONSIDERATION, AFTER A HEARING SAID WARRANT IS BY THE COURT SUSTAINED.
>
> IT IS, THEREFORE, CONSIDERED BY THE COURT THAT THE DEFENDANT'S ORIGINAL SENTENCE SHALL BE

PLACED INTO EFFECT WITH AN AMENDED JUDGMENT
ENTERED.

An Amended Judgment in the record also shows that the trial court revoked the appellant's probation and imposed his original sentence with credit for time served in jail since December 9, 2009.

## II. Analysis

The appellant contends that the trial court erred by revoking his probation because his fleeing from the police was not suggestive of any wrongdoing, the officers did not see him engaged in any illegal activity, and he had a prescription for the hydrcodone. The State contends that the trial court properly revoked the appellant's probation because the appellant violated his probation by running from the officers and by being in possession of hydrocodone without a prescription. The State also contends that the appellant failed to provide an adequate record for our review. We agree that the record is inadequate for us to review this issue.

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995). Upon revoking probation, a trial court has the authority to order the appellant to serve the original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

According to the appellant's brief, "[a]t the conclusion of the hearing, the Court found Mr. Briest to be in violation of his probation and placed his original sentence in effect." However, the transcript from the probation revocation hearing only includes the witness' testimony. It does not include any oral findings regarding the evidence the trial court relied on to revoke probation or the court's reasons for revoking probation. The appellate record also does not include any order containing written findings or reasons. It is the appellant's duty to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court which forms the basis of his appeal. Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Therefore, we conclude that the trial court properly revoked the appellant's probation and ordered him to serve his original sentences in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE